## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Robert McGee, a Deportation Officer, U.S. Immigration and Customs Enforcement, United States Department of Homeland Security (ICE), being duly sworn, state as follows:

1. I have been employed with ICE over 19 years. I am a graduate of the Federal Law Enforcement Training Center (FLETC). I have conducted numerous investigations relating to administrative and criminal violations of the Immigration & Nationality Act (INA).

2. I present this affidavit in support of a criminal complaint alleging violations of: Title 8, United States Code, Section 1326(a) and(b)(2), illegal reentry by an aggravated felon, by Franklin Flores-Penas (**FLORES-PENAS**).

3. This Affidavit contains information necessary to support probable cause for the Criminal Complaint. The information contained in this Affidavit is based on my personal participation in the investigation of the case and from information provided by other law enforcement officers. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts which I believe are necessary to establish the requisite foundation for probable cause.

### Investigation Overview

4. On or about October 26, 2025, **FLORES-PENAS** was arrested in Buncombe County, North Carolina, for assault inflicting serious injury. Subsequently, ICE lodged a detainer with the Buncombe County Detention Facility.

5. **FLORES-PENAS's** fingerprints were entered into the Integrated Automated Fingerprint Identification System (IAFIS), which is directly connected to the National Crime Information Center (NCIC). The IAFIS system indicated that **FLORES-PENAS** had previously

been assigned FBI and State Identification (SID) numbers. The NCIC record and other law enforcement indices revealed that **FLORES-PENAS** was previously removed from the United States.

6. I reviewed an electronic, databased copy of immigration file number A# 095 658 585 relating to **FLORES-PENAS,** and learned and inferred the following:

    a. **FLORES-PENAS's** true name is Franklin FLORES-PENAS;

    b. **FLORES-PENAS** was born in Honduras;

    c. **FLORES-PENAS** is a native of Honduras and a citizen of Honduras;

    d. **FLORES-PENAS** entered the United States at or near an unknown place on or about an unknown date;

    e. **FLORES-PENAS** was on January 6, 2004, convicted of felony Transport/Sell NARC/CNTL Substance, in Los Angeles, California, in violation of California Health Statute 11352 A, for which the term of imprisonment imposed was 120 days in jail and 36 months probation;

    f. On or about February 25, 2004, **FLORES-PENAS** was ordered removed from the United States to the country of Honduras by an Immigration Judge in Lancaster, California;

    g. On or about April 12, 2004, **FLORES-PENAS** was removed from the United States to the country of Honduras;

    h. **FLORES-PENAS** illegally reentered the United States at or near an unknown place on or about an unknown date;

    i. **FLORES-PENAS** was served agency form I-871 Notice of Intent/Decision to Reinstate Prior Order on July 24, 2006;

j. **FLORES-PENAS** was on June 13, 2007, convicted of Title 8, United States Code, Section 1326, illegal reentry into the United States after deportation, in the Western District of Texas, for which the term of imprisonment imposed was 21 months;

k. On or about February 19, 2008, **FLORES-PENAS** was removed from the United States to the country of Honduras;

l. **FLORES-PENAS** illegally reentered the United States at or near an unknown place on or about an unknown date;

m. **FLORES-PENAS** was served agency form I-871 Notice of Intent/Decision to Reinstate Prior Order on August 11, 2010;

n. **FLORES-PENAS** was convicted on May 26, 2011, of Title 8, United States Code, Section 1326 (a) and (b)(2), illegal reentry of deported alien, in the Western District of North Carolina, for which the term of imprisonment imposed was 57 months;

o. On or about May 22, 2015, **FLORES-PENAS** was removed from the United States to the country of Honduras;

p. **FLORES-PENAS** illegally reentered the United States at or near an unknown place on or about an unknown date;

q. **FLORES-PENAS** was served agency form I-871 Notice of Intent/Decision to Reinstate Prior Order on April 25, 2016;

r. **FLORES-PENAS's** term of federal supervised release was revoked on April 24, 2017, in the Southern District of Texas, for violating terms of his supervised release to wit: new law violation—re-entry of a deported alien, and violation of a special condition—returning to the United States, for which the term of imprisonment imposed was 24 months;

      s.      On or about June 24, 2018, **FLORES-PENAS** was removed from the United States to the country of Honduras;

      t.      **FLORES-PENAS** illegally reentered the United States at or near an unknown place on or about an unknown date.

7.      On October 29, 2025, I conducted automated record checks of immigration indices and was unable to locate a record(s) that **FLORES-PENAS** was granted permission by the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States after deportation/removal.

## Conclusion

8.      Based upon training, experience, and the facts of this investigation, there is probable cause to believe that Franklin Flores-Penas, on October 26, 2025, in the Western District of North Carolina, and within the jurisdiction of this Court, after in fact being previously arrested and removed from the United States, and having entered the United States without obtaining permission from the Attorney General of the United States or the designated Secretary of the Department of Homeland Security to reapply for admission into the United States, was in the United States in violation of Title 8, United States Code, Section 1326(a) and(b)(2).

Respectfully,

/s/ Robert McGee
Robert McGee
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Affidavit Reviewed by Assistant United States Attorney Christopher S. Hess**

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 7th day of November, 2025, at 3:38 PM.

W. Carleton Metcalf
United States Magistrate Judge